TRUDY A. NOWAK, P.C.
**Bankruptcy Law Strategists**
**Attorneys at Law**
2001 E. Campbell Avenue, Suite 201
Phoenix, AZ 85016
Trudy A. Nowak (AZ Bar No. 021567)
Email: tnowak@bklaws.com
Telephone: (480) 759-0524
Attorney for Stanley J. Kartchner, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Case No. 4:13-bk-09315-EWH |
| Sheila Denise Mott, | Chapter 7 |
| Debtor(s). | **MOTION TO APPROVE STIPULATION BETWEEN DEBTOR(S) AND TRUSTEE REGARDING ESTATE PROPERTY** |

Stanley J. Kartchner, Chapter 7 trustee herein ("Trustee"), by and through Trustee's duly authorized and undersigned attorneys, Trudy A. Nowak, P.C., hereby moves this Court for an order approving the *Stipulation Between Debtor(s) and Trustee Regarding Estate Property* ("Stipulation") between Trustee and Sheila Denise Mott ("Debtor"). A true and correct copy of the Stipulation is attached hereto as **Exhibit A** and is incorporated herein by this reference. The Trustee asserts that approval of the Stipulation is in the best interest of the bankruptcy estate. Trustee's motion is as follows:

1. The Debtor(s) filed a Voluntary Chapter 7 Petition on May 31, 2013.

2. The Stipulation calls for the settlement of issues between the Trustee and the Debtor(s) regarding Debtor(s)' 2008 Nissan Altima VIN 1N4BL24E68C215612 ("Vehicle") through payment by the Debtor(s) in the amount of $9,000.00 for the bankruptcy estate's interests and claims in the Vehicle. *See* **Exhibit A**.

3. Trustee asserts that the Vehicle is property of the bankruptcy estate and pursuant to 11 U.S.C. §§ 550, 551, the estate has the right to recover the transfer of the lien to Canyon State Credit Union and the lien position is preserved for the estate. Trustee further asserts he has the right to sell property of the estate and the estate's interest in the Vehicle, pursuant to 11 U.S.C. § 363. Pursuant to the terms of the Stipulation, Debtor(s) shall pay to Trustee, on behalf of this estate, the total amount of $9,000.00 in order to retain the Debtor'(s) Vehicle and to resolve all issues with the Trustee regarding the interests and claims of the Trustee and the Trustee's right to recover the transfer and sell the Vehicle.

4. Approval of the Stipulation will allow the bankruptcy estate to receive the total amount of $9,000.00 for the benefit of the creditors of this estate and will further save the estate the cost, delay and inconvenience of selling the Vehicle at auction sale.

5. The transaction described in the Stipulation is not to be construed as a sale for purposes of ARS Title 42, Chapter 5.

6. Accordingly, Trustee submits that this Stipulation is fair and reasonable and is in the best interest of the bankruptcy estate and all interested parties. The approval of a settlement agreement negotiated by a trustee is governed by the standards set forth by the Ninth Circuit in *In re Woodson*, 839 F.2d 610 (9th Cir. 1988). In *Woodson*, the Court identified the following factors as being necessary to determine whether a settlement is in the estate's best interest:

    a. The probability of success in the litigation;
    b. The difficulties of collection;
    c. The complexities of litigation and the expense, inconvenience and delay caused by such litigation; and
    d. The interest of the creditors with reasonable deference to their reasonable views. *In re Woodson*, 839 F.2d at 620.

**WHEREFORE**, Trustee respectfully requests an Order of this Court:

A. Approving the *Stipulation Between Debtor(s) and Trustee Regarding Estate Property* between Trustee and Debtor(s); and

B. For such other further relief as is just and proper.

Dated: March 14, 2014

TRUDY A. NOWAK, P.C.

/s/Trudy A. Nowak
Trudy A. Nowak
Attorney for the Trustee

# CERTIFICATE OF SERVICE

Trudy A. Nowak, states as follows:

I am the attorney of record in this matter, and am authorized to make this Certification. I am a citizen of the United States, over the age of eighteen years and am otherwise competent to testify to the facts stated herein. I make this certification as evidence of service of the foregoing pleading:

A copy of the foregoing was served via first class mail, postage prepaid, to each of the following parties in interest on the date shown below:

DEBTOR:
Sheila Denise Mott
1527 E Ft. Lowell Rd
Tucson, AZ 85719

A copy of the foregoing was served via email to each of the following parties in interest on the date shown below:

UNITED STATES TRUSTEE:
Renee Sandler Shamblin
Renee.s.shamblin@usdoj.gov

DEBTORS ATTORNEY:
Kellen William Bradley
kbradley@kellenbradleylaw.com

Dated: March 14, 2014

/s/ Trudy A. Nowak

# Exhibit A

TRUDY A. NOWAK, P.C.
**Bankruptcy Law Strategists**
**Attorneys at Law**
2001 E. Campbell Avenue, Suite 201
Phoenix, AZ 85016
Trudy A. Nowak (AZ Bar No. 021567)
Email: tnowak@bklaws.com
Telephone: (480) 759-0524
Attorney for Stanley J. Kartchner, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Case No.4:13-bk-09315-EWH |
| Sheila Denise Mott, | Chapter 7 |
| Debtor(s). | STIPULATION BETWEEN DEBTOR(S) AND TRUSTEE REGARDING ESTATE PROPERTY |

Stanley J. Kartchner, Chapter 7 trustee herein ("Trustee"), and Sheila Denise Mott ("Debtor"), by and through the undersigned, hereby stipulate and agree as follows:

1. Debtor(s) filed a Voluntary Chapter 7 Petition on May 31, 2013.

2. The 2008 Nissan Altima VIN 1N4BL24E68C215612 ("Vehicle") constitutes property of this estate.

3. A Stipulated Order for the avoidance of any lien or secured interest held or asserted by Canyon State Credit Union, and/or its assignees, successors, predecessors or representatives, in the Vehicle and/or the proceeds arising from the sale of the Vehicle has been signed by the Trustee and Canyon State Credit Union and has been or will be lodged and uploaded with the Court.

4. The Vehicle is property of the bankruptcy estate and under 11 U.S.C. §§ 550, 551, the estate has the right to recover the transfer of the lien to Canyon State Credit Union and the lien position is preserved for the estate.

5. Trustee asserts he has the right to sell property of the estate and the estate's interest in the Vehicle, pursuant to 11 U.S.C. § 363.

6. Debtor(s) has offered to pay the bankruptcy estate $9,000.00 in order to retain the vehicle and to resolve all issues with the Trustee regarding the interests and claims of the Trustee and the Trustee's right to recover the transfer and sell the Vehicle pursuant to 11 U.S.C. § 363.

7. Debtor(s) shall pay Trustee the amount of $9,000.00, within seven (7) days after the signing of this Stipulation.

8. No warranties or representations are being made by Trustee regarding the Vehicle or its condition.

9. The transaction described in this Stipulation is not to be construed as a sale for purposes of ARS Title 42, Chapter 5.

10. Funds shall be made payable to "Stanley J. Kartchner, Chapter 7 Trustee," and must be received by the Trustee at 7090 N. Oracle Rd., #178-204, Tucson, AZ 85704 on or before the date the payment is due, as stated above.

11. Upon payment of $9,000.00 to Trustee, on behalf of this estate, and entry of an Order approving this Stipulation, any estate interest in the Vehicle shall be released to Debtor(s).

12. In the event Debtor(s) defaults under the terms of this Stipulation, Trustee may immediately take possession of the Vehicle and liquidate the Vehicle at public auction.

13. The parties understand and acknowledge that this Stipulation shall become binding only upon Bankruptcy Court approval.

14. In the event that approval is not granted, this Stipulation shall be null and void and Trustee may take immediate possession of the Vehicle and liquidate the Vehicle at public auction and will return the monies paid by the Debtor(s).

15. This Stipulation contains the complete agreement between the parties and no other document shall be relied upon by any of the parties to supplement, modify, change or affect the terms of this Stipulation, unless entered into after the date of this Stipulation and signed by all parties thereto.

16. This Stipulation shall be binding upon the parties hereto, their successors and assigns.

17. If the attorneys for the parties are executing this Stipulation by or on behalf of each respective party, each attorney warrants and represents that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such party.

18. All parties hereto shall bear their own costs and attorneys' fees.

19. The parties agree that this Stipulation may be signed in multiple counterparts, including facsimile copies, and all such counterparts taken together shall constitute one complete instrument. A signature transmitted by facsimile or scanned and emailed shall be deemed an original signature for purposes of this Stipulation.

20. Nothing in this Stipulation, express or implied, is intended to confer any rights or remedies under or by reason of this Stipulation on any person or entities other than the parties to this Stipulation, nor is anything in this Stipulation intended to relieve or discharge the obligation or liability of any third party or entity not a party hereto.

21. The Bankruptcy Court shall retain jurisdiction to interpret, enforce, and resolve all disputes arising under or related to this Stipulation.

22.  This Stipulation shall be construed in accordance with the laws of the State of Arizona, except to the extent it is controlled by the federal bankruptcy laws.

Dated: March 13, 2014                TRUDY A. NOWAK, P.C.

/s/ Trudy A. Nowak
Trudy A. Nowak
Attorney for the Trustee,
Stanley J. Kartchner


Dated: March 14, 2014                LAW OFFICE OF KELLEN BRADLEY, PLLC

Kellen W. Bradley
Attorney for the Debtor