**ORDERED.**

**Dated: March 27, 2014**



*Eileen W. Hollowell*

**Eileen W. Hollowell, Bankruptcy Judge**

---

**GUST ROSENFELD P.L.C.**
One E. Washington, Suite 1600
Phoenix, Arizona 85004-2553
Telephone No. (602) 257-7493
Facsimile No. (602) 254-4878
Sonia M. Blain – 007697
*sblain@gustlaw.com*

**Attorneys for** *Canyon State Credit Union*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 4:13-bk-09315-EWH |
| SHEILA DENISE MOTT, | (Chapter 7) |
| Debtor. | |

### ORDER GRANTING *EX PARTE* MOTION TO RESTRICT ACCESS TO PROOFS OF CLAIM NOS. 5-1 and 6-1 TO AUTHORIZE A REPLACEMENT FILING FOR PROOF OF CLAIM 6-1

The Court having considered the *ex parte* motion of Canyon State Credit Union (the "Motion"), under 11 U.S.C. §§ 105(a) and 107(c), and Rule 9037, *FEDERAL RULE OF BANKRUPTCY PROCEDURE*, for entry of an order: (i) directing the Clerk of the Court to permanently restrict remote electronic access to Proofs of Claim Nos. 5-1 and 6-1 (the "Original Filing") and (ii) authorizing CSCU to proceed with the Replacement Filing for Proof of Claim 6-1 attached to the Motion as **Exhibit A** (the "Replacement Filing"); and good cause appearing therefor,

**IT IS ORDERED**:

1. The Motion is **GRANTED**.

2. The Clerk of the Court is hereby directed to restrict remote electronic access to Proof of Claim 5-1 and Proof of Claim 6-1.

3. Nothing in this Order shall affect the rights of the United States Trustee for Region 14, the debtors, debtors' counsel, if any, the Chapter 7 Trustee, or Counsel for the Chapter 7 Trustee, if any, to request access to the Designated Filings in person at, or by writing addressed to, the Clerk of the Court's office.

4. CSCU is authorized to replace the Proof of Claim 6-1 with the Replacement Filing and the Clerk of the Court is hereby directed to take such actions as are reasonably necessary to docket the Replacement Filing.

5. The Replacement Filing shall be deemed to have been filed with the Court on March, 21, 2014, the date that Proof of Claim 6-1 was originally filed.

6. The Replacement Filing shall be identical in all respects to the Original Filing it replaces, except for the removal of any imperfectly redacted personally identifiable information ("PII"), and shall not otherwise overwrite or affect the integrity of the Designated Filings.

7. In the event of a discrepancy or difference between the Replacement Filings and the Original Filings that does not result from the redaction of PII, the Original Filings shall control in all respects (including, without limitation, to determine whether a proof of claim was timely filed) and shall be treated as conclusive in resolving any such discrepancies or differences between the Original Filings and the Replacement Filing.

**SO ORDERED,**
**(Signed and dated above)**