KARTCHNER

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MOTT, SHEILA DENISE | § | Case No. 13-09315 EWH |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of  $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]  $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____        By:/s/Stanley J. Kartchner_____
                                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Page: 1
Exhibit A

| | |
|---|---|
| Case No: 13-09315 EWH Judge: EILEEN W. HOLLOWELL | Trustee Name: Stanley J. Kartchner |
| Case Name: MOTT, SHEILA DENISE | Date Filed (f) or Converted (c): 05/31/13 (f) |
| | 341(a) Meeting Date: 07/30/13 |
| For Period Ending: 06/25/14 | Claims Bar Date: 11/22/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH | 50.00 | 0.00 | | 0.00 | FA |
| 2. U.S. BANK - CHECKING ACOUNT # 151701790603 | 50.00 | 0.00 | | 0.00 | FA |
| 3. CANYON STATE CREDIT UNION - SAVINGS ACCOUNT # 8633 | 100.00 | 0.00 | | 0.00 | FA |
| 4. PAYPOWER VISA - CHECKING # 24010802020100083 | 0.00 | 0.00 | | 0.00 | FA |
| 5. SECURITY DEPOSIT - HAZEN TOWNHOMES | 600.00 | 0.00 | | 0.00 | FA |
| 6. WASHER & DRYER | 400.00 | 0.00 | | 0.00 | FA |
| 7. TOASTER, MICROWAVE, KITCHEN TABLE, CHAIRS, GLASSWA | 100.00 | 0.00 | | 0.00 | FA |
| 8. TV & DVD PLAYER | 150.00 | 0.00 | | 0.00 | FA |
| 9. 2 LAMPS, COUCH, LOVE SEAT, BOOKCASE, 3 END TABLES, | 300.00 | 0.00 | | 0.00 | FA |
| 10. COMPUTER, PRINTER & 2 DESKS. | 150.00 | 0.00 | | 0.00 | FA |
| 11. BED, DRESSER, NIGHTSTAND, LAMP. | 100.00 | 0.00 | | 0.00 | FA |
| 12. BOOKS, WALL ART, DVDS, CDS. | 75.00 | 0.00 | | 0.00 | FA |
| 13. VARIOUS CLOTHING | 300.00 | 0.00 | | 0.00 | FA |
| 14. VARIOUS JEWELRY | 50.00 | 0.00 | | 0.00 | FA |
| 15. SAFEWAY 401(K) PLAN | 20,358.79 | 0.00 | | 0.00 | FA |
| 16. 2008 NISSAN ALTIMA 3.5 SE lien avoidable | 13,500.00 | 9,000.00 | | 9,000.00 | FA |
| 17. TAX REFUNDS (u) | 0.00 | 1,652.00 | | 1,652.00 | FA |
| TOTALS (Excluding Unknown Values) | $36,283.79 | $10,652.00 | | $10,652.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

_____

| | | | | |
|---|---|---|---|---|
| Case No: | 13-09315 EWH Judge: EILEEN W. HOLLOWELL | | Trustee Name: | Stanley J. Kartchner |
| Case Name: | MOTT, SHEILA DENISE | | Date Filed (f) or Converted (c): | 05/31/13 (f) |
| | | | 341(a) Meeting Date: | 07/30/13 |
| | | | Claims Bar Date: | 11/22/13 |

Initial Projected Date of Final Report (TFR): 06/30/14    Current Projected Date of Final Report (TFR): 06/25/14

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 13-09315 -EWH | Trustee Name: | Stanley J. Kartchner |
|---|---|---|---|
| Case Name: | MOTT, SHEILA DENISE | Bank Name: | BANK OF KANSAS CITY |
| | | Account Number / CD #: | *******2631 Checking - Non Interest |
| Taxpayer ID No: | *******5365 | | |
| For Period Ending: | 06/25/14 | Blanket Bond (per case limit): | $ 0.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/13/14 | 16 | 722 REDEMPTION FUNDING | VEHICLE LIEN AVOIDANCE FUNDS | 1129-000 | 9,000.00 | | 9,000.00 |
| 05/19/14 | 010001 | TRUDY A NOWAK PC<br>2001 E CAMPBELL AVE, STE 201<br>PHOENIX, AZ 85016 | ATTORNEYS FEES AND COSTS PER 5/2/14 ORDER | | | 2,966.03 | 6,033.97 |
| | | | Fees 2,929.50 | 3210-000 | | | |
| | | | Expenses 36.53 | 3220-000 | | | |
| 05/30/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 6,023.97 |
| 06/02/14 | 17 | SHEILA MOTT | INCOME TAX REFUND | 1280-000 | 500.00 | | 6,523.97 |
| 06/02/14 | 17 | SHEILA MOTT | INCOME TAX REFUND | | 500.00 | | 7,023.97 |
| | | SHEILA MOTT | Memo Amount: 17.98<br>ESTATE'S PORTION OF TAX REFUND | 1224-000 | | | |
| | | MOTT, SHEILA DENISE | Memo Amount: 482.02<br>DEBTOR'S PORTION OF TAX REFUND | 1280-002 | | | |
| 06/02/14 | 17 | SHEILA MOTT | INCOME TAX REFUND | 1224-000 | 346.00 | | 7,369.97 |
| 06/02/14 | 17 | SHEILA MOTT | INCOME TAX REFUND | 1224-000 | 306.00 | | 7,675.97 |
| 06/09/14 | 010002 | SHEILA DENISE MOTT<br>1527 E. FT. LOWELL RD<br>TUCSON, AZ 85719 | POSTPETITION PORTION TAX REFUNDS | 8500-002 | | 982.02 | 6,693.95 |
| * 06/09/14 | 010003 | TRUDY A NOWAK PC<br>2001 E CAMPBELL AVE, STE 201<br>PHOENIX, AZ 85016 | ATTORNEYS FEES AND COSTS PER 5/2/14 ORDER | | | 2,966.03 | 3,727.92 |
| | | | Fees 2,929.50 | 3210-004 | | | |
| | | | Expenses 36.53 | 3220-004 | | | |
| * 06/23/14 | 010003 | TRUDY A NOWAK PC<br>2001 E CAMPBELL AVE, STE 201<br>PHOENIX, AZ 85016 | Stop Payment Reversal<br>STOP PAYMENT | | | -2,966.03 | 6,693.95 |
| | | | Fees ( 2,929.50 ) | 3210-004 | | | |
| | | | Expenses ( 36.53 ) | 3220-004 | | | |

Page Subtotals 10,652.00 3,958.05

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2
Exhibit B

| Case No: | 13-09315 -EWH | Trustee Name: | Stanley J. Kartchner |
|---|---|---|---|
| Case Name: | MOTT, SHEILA DENISE | Bank Name: | BANK OF KANSAS CITY |
| | | Account Number / CD #: | *******2631 Checking - Non Interest |
| Taxpayer ID No: | *******5365 | | |
| For Period Ending: | 06/25/14 | Blanket Bond (per case limit): | $ 0.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 500.00 | COLUMN TOTALS | 10,652.00 | 3,958.05 | 6,693.95 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | | Subtotal | 10,652.00 | 3,958.05 | |
| Memo Allocation Net: | 500.00 | Less: Payments to Debtors | | 982.02 | |
| | | Net | 10,652.00 | 2,976.03 | |
| | | | | NET | ACCOUNT |
| Total Allocation Receipts: | 500.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 0.00 | Checking - Non Interest - *******2631 | 10,652.00 | 2,976.03 | 6,693.95 |
| | | | ---------------------- | ---------------------- | ---------------------- |
| Total Memo Allocation Net: | 500.00 | | 10,652.00 | 2,976.03 | 6,693.95 |
| | | | ============= | ============= | ============= |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     0.00     0.00

EXHIBIT A
ANALYSIS OF CLAIMS REGISTER

Date: June 25, 2014

Case Number: 13-09315
Debtor Name: MOTT, SHEILA DENISE

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2700-00 | CLERK OF THE UNITED STATES BANKRUPT<br>38 SOUTH SCOTT AVENUE<br>TUCSON, AZ 85701 | Administrative | | $293.00 | $0.00 | $293.00 |
| 000001 070 7100-00 | Wells Fargo Bank NA<br>PO Box 660041<br>Dallas, TX 75266-0041 | Unsecured | | $2,903.88 | $0.00 | $2,903.88 |
| 000002 070 7100-00 | US BANK N.A.<br>BANKRUPTCY DEPARTMENT<br>P.O. BOX 5229<br>CINCINNATI, OH 45201-5229 | Unsecured | | $856.92 | $0.00 | $856.92 |
| 000003 070 7100-00 | Quantum3 Group LLC as agent for MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | | $201.40 | $0.00 | $201.40 |
| 000004 070 7100-00 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | Unsecured | | $2,822.94 | $0.00 | $2,822.94 |
| 000006 070 7100-00 | Canyon State Credit Union<br>3440 W. Deer Valley Rd.<br>Phoenix AZ 85027 | Unsecured | | $12,929.65 | $0.00 | $12,929.65 |
| | Case Totals: | | | $20,007.79 | $0.00 | $20,007.79 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-09315 EWH
Case Name: MOTT, SHEILA DENISE
Trustee Name: Stanley J. Kartchner

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Stanley J. Kartchner | $ | $ | $ |
| Trustee Expenses: Stanley J. Kartchner | $ | $ | $ |
| Charges: CLERK OF THE UNITED STATES BANKRUPT | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Wells Fargo Bank NA | $ | $ | $ |
| 000002 | US BANK N.A. | $ | $ | $ |
| 000003 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000004 | Portfolio Recovery Associates, LLC | $ | $ | $ |
| 000006 | Canyon State Credit Union | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____


Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE